FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 24, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HIPOLITO ADAN DE JESUS,<br><br>Defendant. | NO: 2:17-CR-0039-TOR<br><br>SECOND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION |

BEFORE THE COURT is Defendant's *pro se* Motion of Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1). ECF No. 85. The Court has reviewed the pleadings and the record therein and is fully informed.

## BACKGROUND

On July 27, 2017, Defendant was sentenced to, inter alia, 12 years in prison followed by 8 years of supervised release. ECF No. 71. Defendant advisory guideline calculation was a total offense level 41 and a criminal history category I, which advised a 240-month term of imprisonment, the statutory maximum. ECF No. 72. The sentence imposed was a below guideline sentence.

SECOND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION ~ 1

In the instant motion, Defendant contends that he is eligible for a sentence reduction for intervening changes in the law, sentence disparity and rehabilitation. ECF No. 85.

## DISCUSSION

Generally, a federal court "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. 3582(c)). However, Congress has provided a limited exception:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Under section 3582(c)(2), "a defendant must show (1) that his sentence was 'based on' a guideline range that has since been lowered, and (2) that the reduction he seeks is 'consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Rodriguez-Soriano*, 855 F.3d 1040, 1042 (9th Cir. 2017).

Defendant argues a reduction is warranted because of sentencing disparity and rehabilitation. This is Defendant's second motion for reduction.

SECOND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION ~ 2

1    Here, Defendant is not eligible for a sentence reduction.  Defendant

2 possessed a Sig Sauer 9 mm pistol when he was arrested and he received two

3 additional points for this conduct.  ECF No. 66 at ¶ 73 (PSIR).  There are no

4 extraordinary and compelling reasons to reduce Defendant's sentence.

5    Accordingly, Defendant is not entitled to any sentence reduction.

6 **ACCORDINGLY, IT IS HEREBY ORDERED:**

7    Defendant's Motion of Reduction of Sentence Pursuant to 18 U.S.C.

8 § 3582(c)(1), ECF No. 85, is **DENIED**.

9    The District Court Executive is directed to enter this Order and furnish

10 copies to the parties, including Defendant: Hipolito Adan De Jesus, # 80211-065,

11 Yazoo City Low Federal Correctional Institution, P.O. BOX 5000, Yazoo City,

12 MS 39194.

13    **DATED** July 24, 2025.



            THOMAS O. RICE
        United States District Judge

SECOND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION ~ 3